FUTTERMAN DUPREE DODD CROLEY MAIER LLP
MARTIN H. DODD (104363)
mdodd@fddcm.com
JAMIE L. DUPREE (158105)
jdupree@fddcm.com
JAIME G. TOUCHSTONE (233187)
jtouchstone@fddcm.com
180 Sansome Street, 17th Floor
San Francisco, California 94104
Telephone:  (415) 399-3840
Facsimile:   (415) 399-3838

*Attorneys for Defendant
San Bernardino County*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| RAHSHUN TURNER, on behalf of himself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>COUNTY OF SAN BERNARDINO,<br><br>*Defendant.* | Case No.  5:16-CV-00355-VAP (DTBx)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**District Court Judge Virginia A. Phillips**<br>**Magistrate Judge David T. Bristow** |

Defendant County of San Bernardino ("the County") answers the First Amended Complaint ("Complaint") of Plaintiff Rahshun Turner ("Plaintiff") on file herein as follows:

## NATURE OF THE ACTION

1. The County denies the allegations of paragraph 1 of the Complaint.

2. The County denies the allegations of paragraph 2 of the Complaint.

3. The County admits that the allegations of paragraph 3 describe the relief Plaintiff seeks in this Action, but denies that Plaintiff is entitled to any such relief.

///

///

1

## JURISDICTION

4. The allegations of paragraph 4 of the Complaint are legal conclusions that the County is not required to admit or deny, but to the extent they are factual allegations, the County denies them.

5. The County admits the Court has jurisdiction of this Action as alleged in paragraph 5 of the Complaint.

## VENUE

6. The County admits that the Court has venue of this Action as alleged in paragraph 6 of the Complaint.

## PARTIES

7. Answering the allegations of paragraph 7 of the Complaint, the County admits that Plaintiff is a pretrial detainee in the custody of the San Bernardino County's Sheriff's Department and is housed at High Desert Detention Center. The County lacks information or belief sufficient to permit it to admit or deny the allegation that Plaintiff is experiencing "anxiety, agitation and depression" and, based on such lack of information or belief, denies such allegation. The County denies the remaining allegations of paragraph 7 of the Complaint. The County specifically avers that Plaintiff is not held in isolation or housed in administrative segregation.

8. Answering the allegations of paragraph 8 of the Complaint, the County admits that it operates the four jail facilities described and that those facilities house roughly 6,000 inmates, admits that it operates several smaller detention facilities that incarcerate people for 96 hours or less, and admits that it is responsible for providing for the basic human needs of individuals in its custody and for ensuring that they are not at serious risk of harm. The remaining allegations of paragraph 9 are legal conclusions that the County is not required to admit or deny, but to the extent they are factual allegations, the County denies them.

9. Answering the allegations of paragraph 9 of the Complaint, the County admits inmates in the jails depend on the County for their basic health care needs. The County denies the remaining allegations of paragraph 9.

10. The County denies the allegations of paragraph 10 of the Complaint.

11. The County denies the allegations of paragraph 11 of the Complaint.

12. Answering the allegations of paragraph 12 of the Complaint, the County admits that, in conformity with and as authorized by Title 15 of the California Code of Regulations ("Title 15") and the National Commission on Correctional Health Care ("NCCHC") standards, correctional officers sometime screen inmates upon intake for health symptoms including mental illness and suicidality and inmates who are identified as mentally ill are referred to mental health staff for an evaluation. The County denies the remaining allegations of paragraph 12.

13. Answering the allegations of paragraph 13 of the Complaint, the County admits that to request health care, inmates currently must give a Health Service Request form to a correctional officer. The County denies the remaining allegations of paragraph 13 and specifically avers that it is in the process of implementing a kiosk system that will permit inmates to request health services directly and electronically.

14. Answering the allegations of paragraph 14 of the Complaint, the County admits that former plaintiff Zachery Shovey ("Shovey") is no longer in the County's custody, that a mental health clinician documented that Shovey had a history of depression and sleeping poorly and that he was scheduled for follow-up as needed. The County denies that Shovey was provided with a list of outpatient clinics and, instead, specifically avers that Shovey was transferred to state prison on June 9, 2016 and was accompanied by a discharge summary that described his medical and mental health diagnoses, current medications and other pertinent information. The remaining allegations of paragraph 14 include broad

generalizations, legal conclusions and argumentative statements that may not apply to the named Plaintiff or to other members of the Plaintiff class and, therefore, because the County lacks information or belief sufficient to permit it to admit such allegations with respect to the named Plaintiff or any member of the Plaintiff class, the County denies them.

15. Answering the allegations of paragraph 15 of the Complaint, the County admits that Shovey's psychiatric history included psychiatric medications and a stay in a psychiatric hospital, but denies that Shovey had a history of suicide attempts while incarcerated in the County jail. The County denies that Shovey had no history of violence or violent charges, and specifically avers that Shovey was charged, *inter alia*, with attempted murder. The County lacks information or belief sufficient to permit it to admit the remaining allegations of paragraph 15 and therefore denies them.

16. Answering the allegations of paragraph 16 of the Complaint, the County admits that Shovey filed two grievances before being seen by a psychiatrist. The County lacks information or belief sufficient to permit it to admit the remaining allegations of paragraph 16 and therefore denies them.

17. Answering the allegations of paragraph 17 of the Complaint, such allegations include broad generalizations, legal conclusions and argumentative statements that may not apply to the named Plaintiff or to other members of the Plaintiff class and, therefore, because the County lacks information or belief sufficient to permit it to admit such allegations with respect to the named Plaintiff or any member of the Plaintiff class, the County denies them.

18. Answering the allegations of paragraph 18 of the Complaint, the County admits that inmates at risk of suicide are sometimes housed in "safety cells" and that safety cells have rubber-coated walls, no furniture and no protruding commode to protect inmates who are actively suicidal or at risk of self-harm. The remaining allegations of paragraph 18 include broad generalizations,

legal conclusions and argumentative statements that may not apply to the named Plaintiff or to other members of the Plaintiff class and, therefore, because the County lacks information or belief sufficient to permit it to admit such allegations with respect to the named Plaintiff or any member of the Plaintiff class, the County denies them.

19. The County lacks information or belief sufficient to permit it to admit the allegations of paragraph 19 of the Complaint and therefore denies them.

20. Answering the allegations of paragraph 20 of the Complaint, the County admits that, in conformity with and as authorized by Title 15 and NCCHC standards, correctional officers sometimes conduct intake screening for health care for newly admitted inmates. The remaining allegations of paragraph 20 include broad generalizations, legal conclusions and argumentative statements that may not apply to the Plaintiffs or to other members of the Plaintiff class and, therefore, because the County lacks information or belief sufficient to permit it to admit such allegations with respect to the named Plaintiffs or any member of the Plaintiff class, the County denies them. In addition, the County specifically avers that it is currently hiring additional nurses to conduct all intake screening at West Valley Detention Center.

21. The County denies the allegations of paragraph 21 of the Complaint.

22. The County denies the allegations of paragraph 22 of the Complaint.

23. Answering the allegations of paragraph 23 of the Complaint, the County admits that Shovey submitted Health Services Request Forms on a number of occasions and was treated on April 3, 2015. The County denies the remaining allegations of paragraph 23 and specifically avers that Shovey was seen repeatedly by medical personnel and gave inconsistent answers as to whether and when he may have suffered from seizures.

24. Answering the allegations of paragraph 24 of the Complaint, the County admits that it provides many specialty services on site at West Valley

1  Detention Center. The remaining allegations of paragraph 24 include broad
2  generalizations, legal conclusions and argumentative statements that may not
3  apply to the Plaintiffs or to other members of the Plaintiff class and, therefore,
4  because the County lacks information or belief sufficient to permit it to admit such
5  allegations with respect to the named Plaintiffs or any member of the Plaintiff
6  class, the County denies them.

7      25. The County denies the allegations of paragraph 25 of the Complaint.

8      26. Answering the allegations of the unnumbered paragraph following
9  paragraph 25 of the Complaint, the County admits that it does not provide root
10 canals, dentures or dental floss free of charge to inmates, admits that it offers
11 extractions for certain dental patients whose teeth are not restorable and
12 specifically avers that it offers dental cleanings and fillings for patients with
13 restorable teeth and advanced and elective dental procedures such as root canals
14 and dentures are offered to inmates at a greatly reduced rates by authorized
15 dentists. The remaining allegations of the unnumbered paragraph include broad
16 generalizations, legal conclusions and argumentative statements that may not
17 apply to the named Plaintiffs or to other members of the Plaintiff class and,
18 therefore, because the County lacks information or belief sufficient to permit it to
19 admit such allegations with respect to the named Plaintiffs or any member of the
20 Plaintiff class, the County denies them.

21     27. Answering the allegations of paragraph 26 of the Complaint, the
22 County admits that it currently uses paper, instead of electronic, health care
23 records. The remaining allegations of paragraph 26 include broad generalizations,
24 legal conclusions and argumentative statements that may not apply to the named
25 Plaintiffs or to other members of the Plaintiff class and, therefore, because the
26 County lacks information or belief sufficient to permit it to admit such allegations
27 with respect to the named Plaintiffs or any member of the Plaintiff class, the
28 County denies them. In addition, the County specifically avers that it is currently

1 implementing an Electronic Health Record system.

2  28.  The County denies the allegations of paragraph 27 of the Complaint.

3  29.  The County denies the allegations of paragraph 28 of the Complaint.

4  30.  Answering the allegations of paragraph 29 of the Complaint, the County admits that force must sometimes be used to maintain jail security. The remaining allegations of paragraph 29 include broad generalizations, legal conclusions and argumentative statements that may not apply to the named Plaintiffs or to other members of the Plaintiff class and, therefore, because the County lacks information or belief sufficient to permit it to admit such allegations with respect to the named Plaintiffs or any member of the Plaintiff class, the County denies them.

 31.  The County denies the allegations of paragraph 30 of the Complaint.

 32.  The County denies the allegations of paragraph 31 of the Complaint.

 33.  The County denies the allegations of paragraph 32 of the Complaint.

 34.  Answering the allegations of paragraph 33 of the Complaint, the County admits that at West Valley Detention Center officers are stationed in an enclosed control booth that overlooks several housing pods and that former plaintiff George Topete ("Topete") is no longer in the County's custody. The remaining allegations of paragraph 33 include broad generalizations, legal conclusions and argumentative statements that may not apply to the named Plaintiff or to other members of the Plaintiff class and, therefore, because the County lacks information or belief sufficient to permit it to admit such allegations with respect to the named Plaintiff or any member of the Plaintiff class, the County denies them.

 35.  The County denies the allegations in the first sentence of paragraph 34 of the Complaint. The remaining allegations of paragraph 34 include broad generalizations, legal conclusions and argumentative statements, as well as allegations pertaining to unspecified members of the Plaintiff class, that may not

1 apply to the named Plaintiff or to all members of the Plaintiff class and, therefore, because the County lacks information or belief sufficient to permit it to admit such allegations with respect to the named Plaintiff or any member of the Plaintiff class, the County denies them.

36. The County lacks information or belief sufficient to permit it to admit the allegations of paragraph 35 of the Complaint and therefore denies such allegations.

37. The County denies the allegations of paragraph 36 of the Complaint.

38. The County denies the allegations of paragraph 37 of the Complaint.

39. The County denies the allegations of paragraph 38 of the Complaint.

40. The County denies the allegations of paragraph 39 of the Complaint, and specifically avers that the intake form includes questions regarding assistive devices and that the County otherwise affords inmates the opportunity to request assistive devices or other accommodations.

41. The allegations of paragraph 40 of the Complaint include broad generalizations, legal conclusions and argumentative statements, as well as allegations pertaining to unspecified members of the Plaintiff class that may not apply to the named Plaintiff or to all members of the Plaintiff class.  As a result, the County lacks information or belief sufficient to permit it to admit such allegations with respect to the named Plaintiff or any member of the Plaintiff class, and therefore denies such allegations.

42. The County denies the allegations of paragraph 41 of the Complaint, and specifically avers that when Topete was incarcerated in the County jails he was afforded accommodations for his disability.

43. The allegations of paragraph 42 of the Complaint include broad generalizations, legal conclusions and argumentative statements that may not apply to the named Plaintiff or to other members of the Plaintiff class. As a result, the County lacks information or belief sufficient to permit it to admit such

allegations with respect to the named Plaintiff or any member of the Plaintiff class, and therefore denies such allegations.

44. Answering the allegations of paragraph 43 of the Complaint, the County denies that it does not provide timely or adequate access to medical supplies or equipment for people with physical disabilities and admits that inmate cells do not have electrical outlets. The County admits that Topete may have slept in the dayroom in order to use his CPAP machine. The County lacks information or belief sufficient to permit it to admit the remaining allegations of paragraph 43 and, therefore, denies them.

45. Answering the allegations of paragraph 44 of the Complaint, the County admits that individuals with disabilities who believe they have not been accommodated may submit a grievance form or a Health Services Request Form which they obtain from a correctional officer. The County denies the remaining allegations of paragraph 44 and specifically avers that, in conformity with and as authorized by Title 15 and NCCHC standards, the inmate screening form includes questions intended to determine if inmates need accommodation, the County provides assistive devices to inmates who require accommodation and the County is implementing a kiosk system that will permit inmates to submit requests and grievances directly and electronically.

46. The County denies the allegations of paragraph 45 of the Complaint.

47. The County admits that the named Plaintiff purports to bring this Action on behalf of a class of plaintiffs as alleged in paragraph 46 of the Complaint.

48. The County admits that if it were found to have committed the wrongdoing alleged in paragraph 47 of the Complaint, including the wrongdoing specifically alleged in subparagraphs (a)-(c), then class members would be at risk of harm. The County denies, however, that it has committed such wrongdoing.

49. Answering the allegations of paragraph 48 of the Complaint the

County admits that there are questions of law and fact common to the class, including whether the County has policies and practices that comprise or result in the wrongdoing alleged in subparagraphs (1)-(5)[1] of paragraph 48. The County denies, however, that it has committed any such wrongdoing.

50. The County admits the allegations of paragraph 49 of the Complaint.

51. The County admits the allegations of paragraph 50 of the Complaint.

52. Answering the allegations of paragraph 51, without admitting the validity of Plaintiffs' claims, the County admits that such claims are typical of the claims of the putative class and arise from the same policies, practices and courses of conduct and are based on the same theories of law as the class's claims.

53. Answering the allegations of paragraph 52 of the Complaint, the County admits that Plaintiffs appear, through counsel, capable of fairly and adequately protecting the interests of the class and appear not to have interests antagonistic to the class. The County admits that Plaintiffs and the plaintiff class seek injunctive relief in this Action. The County admits that Plaintiffs are represented by counsel experienced in prisoners' rights litigation and complex class action litigation. The County denies the remaining allegations of paragraph 52.

## CLAIMS FOR RELIEF

### First Cause of Action

54. Answering the allegations of paragraph 53 of the Complaint, the County incorporates by reference as though fully set forth herein its answers to paragraphs 1-52, inclusive, of the Complaint.

55. The County denies the allegations of paragraph 54 of the Complaint.

56. The County denies the allegations of paragraph 55 of the Complaint.

///

---

[1] Paragraph 48 includes two subparagraphs (4). The County assumes that this is a typographical error and that the second subparagraph (4) should be subparagraph (5).

## Second Cause of Action

57. Answering the allegations of paragraph 56 of the Complaint, the County incorporates by reference as though fully set forth herein its answers to paragraphs 1-52, inclusive, of the Complaint.

58. The County denies the allegations of paragraph 57 of the Complaint.

59. The County denies the allegations of paragraph 58 of the Complaint.

## Third Cause of Action

60. Answering the allegations of paragraph 59 of the Complaint, the County incorporates by reference as though fully set forth herein its answers to paragraphs 1-52, inclusive, of the Complaint.

61. Answering the allegations of paragraph 60 of the Complaint, the County admits that members of the class with physical, psychiatric, or intellectual disabilities that substantially limit one or more major life activities, have a record of impairment or are regarded as having a disability are qualified individuals with disabilities as defined in the ADA. The County admits that people in the jails with disabilities as defined by the ADA meet the essential eligibility requirements for the receipt of services or the participation in programs and activities provided by the County. The County denies the remaining allegations of paragraph 60.

62. The County admits the allegations of paragraph 61 of the Complaint.

63. The County denies the allegations of paragraph 62 of the Complaint.

64. The County denies the allegations of paragraph 63 of the Complaint.

65. The County denies the allegations of paragraph 64 of the Complaint.

66. The County denies the allegations of paragraph 65 of the Complaint.

67. The County denies the allegations of paragraph 66 of the Complaint.

68. The County denies the allegations of paragraph 67 of the Complaint.

69. The County denies the allegations of paragraph 68 of the Complaint.

## Fourth Cause of Action

70. Answering the allegations of paragraph 69 of the Complaint, the

County incorporates by reference as though fully set forth herein its answers to paragraphs 1-52, inclusive, of the Complaint.

71. Answering the allegations of paragraph 70 of the Complaint, the County admits that members of the class with disabilities that substantially limit one or more major life activities are qualified individuals with disabilities as defined in Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

72. The County admits the allegations of paragraph 71 of the Complaint.

73. The County denies the allegations of paragraph 72 of the Complaint.

74. The County denies the allegations of paragraph 73 of the Complaint.

75. The County denies the allegations of paragraph 74 of the Complaint.

## PRAYER FOR RELIEF

76. The County denies the allegations of paragraph 75 of the Complaint and denies that Plaintiffs are entitled to any relief as a result of the allegations of the Complaint.

77. The County denies the allegations of paragraph 76 of the Complaint, and each subparagraph thereof, and denies that Plaintiffs are entitled to any relief as a result of the allegations of the Complaint.

## AFFIRMATIVE DEFENSES

Plaintiffs' Complaint and the causes of action alleged therein fail to state claims upon which relief may be granted.

Plaintiffs' claims are barred by the doctrines of estoppel, waiver and unclean hands.

The Third and Fourth Causes of Action of the Complaint are barred to the extent they seek to impose upon the County any obligation to make modifications or to remove barriers that are not "readily achievable."

The Third and Fourth Causes of Action are barred to the extent that the County has made reasonable accommodations for inmates who are qualified individuals with a disability.

WHEREFORE, the County requests that the Court dismiss the Complaint in its entirety and enter judgment in the County's favor and against the Plaintiff, that the County be awarded its costs of suit and that the County be awarded such other relief as the Court deems just and proper.

Dated:  October 14, 2016

FUTTERMAN DUPREE
DODD CROLEY MAIER LLP

By: /s/ Martin H. Dodd
Martin H. Dodd
*Attorneys for Defendant*
*San Bernardino County*