MARTIN H. DODD (104363)
mdodd@fddcm.com
JAMIE L. DUPREE (158105)
jdupree@fddcm.com
JAIME G. TOUCHSTONE (233187)
jtouchstone@fddcm.com
FUTTERMAN DUPREE DODD
CROLEY MAIER LLP
601 Montgomery St., Suite 333
San Francisco, California 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838

In Association with:
MILES KOWALSKI, Deputy County
Counsel (257269)
Miles.Kowalski@cc.sbcounty.gov
MICHELLE BLAKEMORE, County
Counsel (110474)
385 North Arrowhead Avenue, 4th Fl.
San Bernardino, CA 92415-0140
Telephone: (909) 387-5455
Facsimile: (909) 387-3070

*Attorneys for Defendant*
San Bernardino County

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION - RIVERSIDE**

| | |
|---|---|
| RAHSHUN TURNER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>COUNTY OF SAN BERNARDINO,<br><br>*Defendant.* | Case No. 5:16-CV-00355-VAP (DTBx)<br><br>**DEFENDANT COUNTY OF SAN BERNARDINO'S UNOPPOSED APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>**District Court Judge Virginia A. Phillips**<br>**Magistrate Judge David T. Bristow** |

**INTRODUCTION**

Pursuant to Local Rule 79-5.2.2, Defendant County of San Bernardino ("County") hereby makes application for leave to file under seal the <u>complete</u>, <u>unredacted</u> versions of certain expert reports prepared for the parties for purposes of settlement negotiations. Specifically, the County requests to seal the expert

1

reports of (1) Dr. Todd Wilcox, M.D. regarding San Bernardino County Jail's medical program (Bates Nos. SBC000001-SBC000025); (2) Dr. Roberta Stellman, M.D., regarding San Bernardino County Jail's mental health program (Bates Nos. SBC000026-SBC000065); (3) Dr. Jeffrey A. Schwartz, Ph.D. and Gary Raney, regarding use of force in the County Jails (Bates Nos. SBC000066-SBC000123). The unredacted expert reports have each been submitted as Attachments 1, 2 and 3 respectively to the Declaration of Martin H. Dodd.[1]  See L.R. 79-5.2.2(a).

The reports are intended to provide the Court with the factual basis for the settlement reached by the parties which the parties will request this Court to consider for preliminary approval as early as April 16, 2018. See 18 U.S.C. §3626(a) (court must make findings that any prospective relief meets certain criteria).

## DISCUSSION

There is a general presumption of public access to judicial records and documents, and therefore, a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, ll79 (9th Cir. 2006).  A party seeking to file a motion to seal in connection with a non-dispositive motion, however, must only show "good cause" under Federal Rule of Civil Procedure 26(c). *Id.* at 1179-80.  Prior to *Kamakana*, the Ninth Circuit held that "lower courts have the authority to grant protective orders for confidential settlement agreements, [...] and the district court must determine whether good cause exists" to seal a settlement agreement or documents associated with the settlement.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206,1212 (9th Cir. 2002).[2]

[1] The facts supporting this Application are more fully set forth in the Declaration of Martin H. Dodd ("Dodd Declaration"), filed herewith on the non-public docket.
[2] Despite the Ninth Circuit's holding in *Phillips*, district courts differ on whether a motion to approve a settlement agreement that releases parties from a case is a dispositive or non-dispositive motion for sealing purposes. *Compare Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.,* 2011 WL 704456 at *1 (N.D. Cal. Feb.18,

1   As described more fully in the Dodd Declaration, good cause exists for

2   filing these reports under seal because the parties jointly selected the experts to

3   provide confidential information to assist in negotiating their settlement and to

4   provide a factual framework for the development of the settlement agreement.

5   Without full and candid facts on the table for the settlement discussion, the parties

6   would not have been able to reach a settlement so quickly. Public policy supports

7   such joint fact-finding, as the cost to taxpayers of litigation is less, and the plaintiff

8   class obtains tangible injunctive relief much more quickly.  In addition, the parties

9   agreed to submit the expert reports to the Court to provide it with a factual basis

10  upon which to evaluate the merits proposed consent decree this Court will

11  consider as early as April 16, 2018 and agreed that the <u>complete</u>, <u>unredacted</u>

12  reports should be submitted under seal. Accordingly, plaintiffs do not oppose this

13  Application.

14  Finally, the public interest in open proceedings will be served since the

15  Consent Decree and attached remedial plans agreed upon by the parties, and which

16  were added by the experts' reports, will be matters of public interest.

### CONCLUSION

18  The County submits that compelling reasons exist for sealing the experts'

19  reports and requests that the Court grant leave to file the reports under seal.

21  Dated:  March 26, 2018                FUTTERMAN DUPREE
                                          DODD CROLEY MAIER LLP

23                                        By:_____/s/ Martin H. Dodd_____
                                               Martin H. Dodd
24                                             *Attorneys for Defendant*
                                               *San Bernardino County*

26  2011) ("Because a motion to determine good faith settlement is only tangentially
    related to the merits of the underlying cause of action, it constitutes a non-
27  dispositive motion.") *with M.P. ex rel. Provins v. Lowe's Cos., Inc.,* 2012 WL
    1574801, at *2 (E.D. Cal. May 3, 2012) (settlement is dispositive, and
28  "compelling reasons" test should be used).