Case 5:16-cv-00355-VAP-DTB Document 79 Filed 03/27/18 Page 1 of 5 Page ID #:594

FILED
3/27/2018
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

rf

MARTIN H. DODD (104363)
mdodd@fddcm.com
JAMIE L. DUPREE (158105)
jdupree@fddcm.com
JAIME G. TOUCHSTONE (233187)
jtouchstone@fddcm.com
FUTTERMAN DUPREE DODD
CROLEY MAIER LLP
601 Montgomery St., Suite 333
San Francisco, California 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838

In Association with:
MILES KOWALSKI, Deputy County
Counsel (257269)
Miles.Kowalski@cc.sbcounty.gov
MICHELLE BLAKEMORE, County
Counsel (110474)
385 North Arrowhead Avenue, 4th Fl.
San Bernardino, CA 92415-0140
Telephone: (909) 387-5455
Facsimile: (909) 387-3070

*Attorneys for Defendant*
San Bernardino County

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| RAHSHUN TURNER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>COUNTY OF SAN BERNARDINO,<br><br>*Defendant.* | Case No. 5:16-CV-00355-VAP (DTBx)<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN BERNARDINO'S UNOPPOSED APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>**District Court Judge Virginia A. Phillips**<br>**Magistrate Judge David T. Bristow** |

Defendant County of San Bernardino ("County") has brought an unopposed Application for Leave to File Documents Under Seal. Specifically, the County has requested that the complete, unredacted versions of certain confidential expert reports, prepared for the parties jointly in aid of their settlement negotiations, be filed under seal. The expert reports at issue are those prepared by (1) Dr. Todd

1

Wilcox, M.D., regarding the County Jail's medical program (Bates Nos. SBC000001-SBC000025), (2) Dr. Roberta Stellman, M.D., regarding the County Jail's mental health program (Bates Nos. SBC000026-SBC000065), and (3) Dr. Jeffrey A. Schwartz, Ph.D. and Gary Raney, regarding use of force in the County jail facilities (Bates Nos. SBC000066-SBC000123) and which were submitted as Attachments 1, 2 and 3 respectively to the Declaration of Martin H. Dodd.

The Ninth Circuit has comprehensively examined the common law right of public access to judicial files and records. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In *Kamakana*, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery, and materials produced or presented in relation to dispositive motions. *Id.* at 1180–81. According to the court, two standards apply to account for these interests when evaluating requests to seal such materials. A party seeking to seal "private materials unearthed during discovery," or to maintain the sealing of such materials when attached to non-dispositive motions, need only demonstrate "good cause" to justify sealing. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

A party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana*, 447 F.3d at 1179. Here, the expert reports are submitted as part of the Court's approval of the class settlement. The Court finds that approval of the parties' settlement agreement is a dispositive motion and there must be a "compelling reason" to keep the materials under seal. *See Kamakana*, 447 F.3d at 1178–1180; *M.P. ex rel. Provins v. Lowe's Companies*, Inc., 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (applying "compelling reasons" standard related to a minor's settlement because an order approving settlement is dispositive*). Select Portfolio Servicing v. Valentino*, No. 12–cv–0334 SI, 2013 WL 1800039, at *2–3 (N.D. Cal. Apr.29, 2013) (observing that district

courts in this circuit differ on whether a motion to approve a settlement agreement that releases parties from a case is dispositive or non-dispositive for sealing purposes). Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Kamakana*, 447 F.3d at 1178–79; *see also Pintos*, 605 F.3d at 679 & n. 6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal. . ." *Kamakana*, 447 F.3d at 1179.

After reviewing the documents in question, and in light of the entirety of proceedings in this case, the Court finds compelling reason to file the expert reports under seal. The Court has considered the reasons for disclosing the requested sealed records and the need for public access to judicial records. The Court is cognizant that this case involves a public entity's management of its jail facilities, and in a normal case, such information should be public information on the Court's docket, if filed with a dispositive motion.

In this situation, however, the interest in fostering settlement of such a complex case necessitates sealing the documents and outweighs the public policy of disclosure. From the beginning of the case, the parties, rather than take the typical litigation adversarial posture, elected to work cooperatively together to achieve the best results for the jail population in light of the claims alleged, and to keep costs and expenses down while doing so. Rather than use the adversarial system, which permits each side to select its own expert witnesses, the parties elected to work together. The parties jointly selected experts for a thorough evaluation of jail conditions, resulting in the free-flow of information, with an eye

towards correction of identified issues. The parties worked in a non-adversarial manner, with the agreement and expectation that preliminary findings would be subject to confidentiality. Each of the expert reports contains information about internal, confidential or security processes. The reports were prepared as part of the extended settlement negotiations. The Court has been apprised of the status of those negotiations as they proceeded. The parties jointly selected the experts to provide confidential information to candidly assess deficiencies in the jail system that may have existed for the purpose of negotiating the settlement, inform the Court of any such deficiencies and methods of correction, and to provide a factual framework for the development of the settlement agreement. The Court finds that this type of settlement-driven, cooperative conduct, which ultimately inured to the public benefit, should be encouraged.

At issue in deciding whether to seal the expert reports are the competing public policy interests: the interest in fostering efficient and effective settlement and resolution of complex litigation versus the interest in public disclosure of judicial documents. Public disclosure would undermine the confidential nature of the settlement discussions which led to the ultimate settlement and jeopardized the unique, non-adversarial method counsel and the parties undertook to reach settlement.

Further, the Court finds that any harm from sealing the expert reports is mitigated in this case. The final settlement, embodied in the terms of the proposed Consent Decree and accompanying detailed remedial plan, will filed in the public docket and the public will be informed of the monetary and non-monetary resolution of this case. The balance of interest tips in favor of sealing, and the Court finds compelling reason to file the documents under seal.

## CONCLUSION

The motion to seal is GRANTED as a compelling reason has been found to

preserve the confidentiality of the expert reports of:

1. Dr. Todd Wilcox, M.D., regarding the County Jail's medical program (Bates Nos. SBC000001-SBC000025);
2. Dr. Roberta Stellman, M.D., regarding the County Jail's mental health program (Bates Nos. SBC000026-SBC000065); and,
3. Dr. Jeffrey A. Schwartz, Ph.D. and Gary Raney, regarding use of force in the County jail facilities (Bates Nos. SBC000066-SBC000123).

The Clerk is directed to file under seal each such report under seal.

IT IS SO ORDERED.

Dated:_March 27, 2018

_____
Honorable Virginia A. Phillips
United States District Judge