DONALD SPECTER (83925)
dspecter@prisonlaw.com
MARGOT MENDELSON (268583)
mmendelson@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Facsimile: (510) 280-2704
*Attorneys for Plaintiffs*
*on behalf of themselves and*
*others similarly situated*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| RAHSHUN TURNER, on behalf of themselves and all others similarly situated,<br><br>　　　　*Plaintiffs,*<br><br>v.<br><br>COUNTY OF SAN BERNARDINO,<br>　　　　*Defendant.* | Case No. 5:16-CV-00355-VAP (DTBx)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Date:　October 29, 2018<br>Time:　2:00 p.m.<br>Judge: Hon. Virginia A. Phillips<br><br>District Court Judge Virginia A. Phillips<br>Magistrate Judge David T. Bristow |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs move this Court pursuant to Federal Rule of Civil Procedure 23(h) for an order awarding Plaintiffs' counsel attorneys' fees and costs.  This unopposed Motion is supported by the record before the Court, the following Memorandum of Points and Authorities, and the accompanying Declaration of Donald Specter ("Specter Decl.").

Plaintiffs respectfully request that the Court set this matter for hearing at the same date and time as the fairness hearing, set for October 29, 2018 at 2:00 p.m. (Doc. # 88).

Dated:  July 17, 2018                    **PRISON LAW OFFICE**

                                        By:     /s/ *Margot Mendelson*
                                                MARGOT MENDESON
                                                DONALD SPECTER

                                                Attorneys for PLAINTIFFS

i

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. The Parties Have Agreed to an Award of Attorneys' Fees and Costs. ......... 2

    B. The Requested Award Is Fair and Reasonable. ............................................ 3

        1. Time and labor ..................................................................................... 3

        2. Novelty and difficulty of the questions ............................................... 4

        3. Skill requisite to perform the legal service properly .......................... 5

        4. Exclusion of other employment ........................................................... 5

        5. Contingency or fixed fee ...................................................................... 5

        6. Out-of-pocket expenses ........................................................................ 5

III. CONCLUSION .................................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants have agreed to pay Plaintiffs' attorneys' fees and out-of-pocket expenses in the amount of $350,000.  This amount – which reimburses Plaintiffs' counsel for some but not all of their actual hours spent and out-of-pocket expenses – is fair and reasonable in light of the extraordinary results obtained through this litigation, the lengthy and detailed settlement negotiations, and the difficulty and complexity of the issues involved.

In this case, Plaintiffs sought to address deficiencies in medical, mental health, and dental care provided to individuals in Defendants' jails, as well as restrictive housing practices in the jails, disability discrimination faced by individuals in the jails, and the use of force against individuals in the jails.  The Consent Decree does just that.  It includes a 16-page Remedial Plan that requires Defendant to implement specific policies, procedures, and practices intended to ensure minimally adequate healthcare and to ensure that prisoners with disabilities receive reasonable accommodations. It also includes an extensive use of force policy and detailed policies governing the use of restrictive housing in Defendants' jails and the provision of reasonable accommodations for individuals with disabilities in the jails.

To get to this result, Plaintiffs devoted more than four years to investigating this case, meeting, corresponding with, and interviewing hundreds of prisoners, reviewing and analyzing healthcare and custody records, inspecting the jail facilities, working with three neutral experts, reviewing policies and procedures, and meeting and negotiating with Defendant.  The parties expended considerable time and resources negotiating the terms of the Consent Decree and Remedial Plan.

The parties have now settled all claims raised in the action.  This Court has granted preliminary approval to the Consent Decree.  (Doc. # 83.)

The Consent Decree provides that "Defendant has agreed to pay Plaintiffs' counsel $350,000 as their reasonable fees and expenses incurred from the date of filing

1

of the Complaint in this Action through Final Approval of the Consent Decree." Consent Decree, ¶ 38.  The Decree also provides that Defendant will pay Plaintiffs' counsel for their reasonable time and expenses relating to monitoring and enforcing the Consent Decree and Remedial Plan, in an amount not to exceed $150,000 per year. *Id.*, ¶ 39.

Pursuant to Federal Rule of Civil Procedure 23(h), class members must be provided with notice and an opportunity to comment on any motion for fees. Accordingly, Plaintiffs and Defendant have agreed that this Court should order that the instant Motion for Attorneys' Fees and Expenses be distributed to the class upon their request.  Additionally, the parties have agreed that this Motion for Attorneys' Fees and Expenses should be heard at the same time as the hearing for final approval of the settlement agreement, currently set for October 29, 2018 at 2:00 p.m.

## II.   ARGUMENT

### A.   The Parties Have Agreed to an Award of Attorneys' Fees and Costs.

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  The parties have agreed to an award of fees and costs in this case in the amount of $350,000, which represents a partial recovery of attorney time actually spent and out-of-pocket expenses actually paid by Plaintiffs' counsel in pursuit of this litigation.  Specter Decl., ¶¶ 8, 9.  Defendants have reviewed this motion, and do not oppose it. *Id.*, ¶ 10.

Because the fee agreement does not reduce any recovery by the Class, and because there is no evidence of collusion between Plaintiffs' counsel and Defendant, the parties' agreement as to attorneys' fees "is accorded great weight." *Cox v. Clarus Mktg. Grp., LLC*, 291 F.R.D. 473, 482 (S.D. Cal. 2013).  The Court's task in such a situation is "simply to determine whether the negotiated fee is facially fair and reasonable." *Hernandez v. Kovacevich "5" Farms*, No. 1:04-cv- 5515, 2005 WL 2435906, at *8 (E.D. Cal. Sept. 30, 2005).  As explained below, the agreed upon fee is fair and

reasonable, and the Court should enforce the terms of the agreement and award Plaintiffs the agreed-upon sum pursuant to Rule 23(h).

### B. The Requested Award Is Fair and Reasonable.

Plaintiffs' request for compensation reasonably reflects the time necessary to manage and litigate this case. To determine the reasonableness of an attorneys' fee award, the Court considers the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the requisite skill to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; and (5) whether the fee is fixed or contingent. *Graves v. Arpaio*, 633 F. Supp. 2d 834, 846 (D. Ariz. 2009) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) and *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)). Each factor supports Plaintiffs' request.

#### 1. Time and labor

The fee request reasonably reflects the time and labor required to litigate this matter. This is a complex civil rights class action brought on behalf of nearly six thousand prisoners, raising serious constitutional questions, and resulting in fundamental changes to Defendant's policies, practices, and procedures. Obtaining this result required review and analysis of numerous jail policies and procedures, interviews of scores of prisoners, jail inspections, detailed expert analyses, and hours of meetings and negotiations. Specter Decl., ¶¶ 5, 6.

The agreed-upon fee award was calculated pursuant to the lodestar method; that is, Plaintiffs' counsel kept contemporaneous time records that detail all work completed, and to calculate the requested award Plaintiffs multiplied the number of hours actually worked (plus those reasonably expected for the fairness hearing and this motion) by a reasonable hourly rate.[1] Specter Decl., ¶¶ 7, 8. Though counsel represented the

---

[1] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, would limit the hourly rates at which Plaintiffs' counsel can be compensated in connection with certain claims in the Action, while other claims are not subject to such statutory limits. The

3

Plaintiffs without charge, Plaintiffs' counsel exercised the same billing judgment and discretion accorded to private clients. Specter Decl., ¶ 7; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a 'reasonable' number of hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.'") (citations omitted, alterations in original). As such, Plaintiffs have reviewed the billing records and excluded hours that were redundant, excessive, or otherwise unnecessary. Specter Decl. ¶ 7.

Courts have long recognized that the lodestar method of calculating fees is strongly presumed to be reasonable. *Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992) ("There is a strong presumption that the lodestar figure is reasonable, and adjustments are to be adopted only in exceptional cases."); *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (accord); *Mitchell v. Chavez*, No. 113-CV-01324-DAD-EPG, 2018 WL 3218364, at *2 (E.D. Cal. June 29, 2018). The requested fee award fairly reflects the time and labor required to litigate this complex case, and should be approved.

        2.    <u>Novelty and difficulty of the questions</u>

The requested fee award also fairly reflects the novelty and difficulty of the questions presented. Plaintiffs' claims presented difficult question of law and fact, including the quality of healthcare required under the Eighth and Fourteenth Amendments, the constitutionality of Defendants' restrictive housing and use of force practices, and whether Defendant needed to make systemic and programmatic changes to accommodate prisoners with disabilities.

Though not all of the legal principles involved in Plaintiffs' claims were novel, applying them to the class of prisoners in the San Bernardino County jails proved complex. For instance, embedded in these difficult questions is the issue of how

---

parties have agreed on a blended hourly rate to reflect the appropriate rate for the various claims at issue in the case. Consent Decree, ¶ 38; Specter Decl. ¶ 8.

4

Defendant will meet their obligations under federal law within its budgetary constraints. Plaintiffs' counsel reasonably expended significant time and resources to address these important issues.

### 3. Skill requisite to perform the legal service properly

Marshaling evidence on a wide range of complex issues and engaging Defendant in settlement negotiations in a case of substantial magnitude required considerable skill. Plaintiffs' counsel are highly experienced in trial practice and both civil rights and general litigation. Counsel from the Prison Law Office specialize in the area of prisoners' rights. Specter Decl., ¶¶ 2, 3; *see also* Order Granting Motion for Class Certification (Doc. No. 50) at 12.

The skill of Plaintiffs' counsel is apparent in the results they obtained, including certification of the class, negotiating a detailed and comprehensive Remedial Plan, and ultimately obtaining a settlement that provides the class with considerable benefits.

### 4. Exclusion of other employment

Representing the class required a significant investment of attorney time over more than four years. As a result, the attorneys' ability to take on other cases was negatively affected. Specter Decl., ¶¶ 4, 5.

### 5. Contingency or fixed fee

Plaintiffs' counsel is not charging class members a fee for their services. Counsel's fee is based purely on the Consent Decree. Specter Decl., ¶ 7.

### 6. Out-of-pocket expenses

The requested award of costs and fees is also reasonable because Plaintiffs' counsel expended almost $10,000 in out-of-pocket expenses in pursuing this litigation. Specter Decl., ¶ 8. Such expenses "would normally be charged to a fee paying client." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005).

### III. Conclusion

The agreed-upon fee award is fair and reasonable. Accordingly, Plaintiffs' respectfully request that the Court issue an order awarding Plaintiffs $350,000 in fees and costs.

Dated: July 17, 2018          **PRISON LAW OFFICE**

By:    /s/ *Margot Mendelson*
     MARGOT MENDELSON
     DONALD SPECTER

Attorneys for PLAINTIFFS

6