**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

FILED
CLERK, U.S. DISTRICT COURT

DEC 12, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY:     BH     DEPUTY

Rahshun Turner, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

        v.

County of San Bernardino,

        Defendant.

5:16-cv-00355-VAP-DTBx

**Order GRANTING the Joint Motion for Final Approval of Class Action Settlement (Doc. No. 97) and GRANTING Plaintiffs' Motion for Attorneys Fees (Doc. No. 92)**

Before the Court is the Joint Motion for Settlement Approval of Class Action Settlement, (Doc. No. 97, "Motion"), and Plaintiffs' unopposed Motion for Attorneys' Fees, (Doc. No. 92). After considering all of the papers filed in support of the motions and the arguments put forth at the December 3, 2018 hearing, the Court GRANTS the Joint Motion for Settlement Approval of Class Action Settlement and GRANTS Plaintiffs' Motion for Attorneys' Fees.

## I. BACKGROUND

The parties are familiar with the background of this dispute and the Court detailed the facts in its Order granting the Joint Motion for Preliminary Approval. (Doc. No. 83). In short, Plaintiffs, current or former detainees of the San Bernardino County Jails, filed a Class Action Complaint against Defendant County of San Bernardino ("Defendant"), alleging that it violated Plaintiffs' rights under the Eighth and Fourteenth Amendments to the U.S.

United States District Court
Central District of California

Constitution and under federal disability laws.  (*See* Doc. Nos. 1, 81).  The settlement class, as approved by the Court, consists of (1) all people who are now, or in the future will be, incarcerated in the San Bernardino County Jails and (2) a Plaintiff Subclass of all people who are now, or in the future will be, incarcerated in the San Bernardino County jails and who have a psychiatric and/or intellectual disability.  (Doc. No. 50).

The parties agreed to suspend discovery in order to engage in settlement negotiations.  (Doc. No. 56).  The parties also agreed to hire three experts to develop recommendations and issue reports.  (Doc. No. 80, ¶ 4).  Pursuant to that agreement, and after extensive tours and interviews, the experts provided reports regarding the Jail's medical and mental health program and the use of force in the jails.  (*Id.*).  The Court granted preliminary approval of the jointly proposed consent decree that incorporates a remedial plan to remedy alleged violations, (Doc. No. 81, at 4, "Consent Decree").  (Doc. No. 83).

The full details of the consent decree are laid out in the Court's Order granting the Joint Motion for Preliminary Approval.  (Doc. No. 83, at 5-11).  Some of the key terms include:

- Implementation of a Remedial Plan based on the reports of the joint neutral experts, covering medical care, dental care, mental health care, the use of force, the use of restrictive housing, and access to programs for people with disabilities;

- Appointment of joint neutral experts by the Court, granting them the responsibility of monitoring compliance with the Remedial Plan and assisting in dispute resolution as requested by the parties;
- Compliance monitoring by Plaintiffs' counsel;
- Implementation of a dispute resolution process; and
- Attorneys' fees for Plaintiffs' counsel in the amount of $350,000 for merits fees and expenses and an additional $150,000 per year for monitoring fees and expenses.  (*Id.*).

Notice has been effectively given as agreed upon by the parties and instructed and approved by the Court.  (*Id.*; *see* Doc. No. 81, at 5-6).

## II.    LEGAL STANDARD

Under Rule 23(e) of the Federal Rules of Civil Procedure, "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  A court must engage in a two-step process to approve a proposed class action settlement.  First, the court must determine whether the proposed settlement deserves preliminary approval.   *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).  Second, after notice is given to class members, the Court must determine whether final approval is warranted.  *Id.*  A court should approve a settlement pursuant to Rule 23(e) only if the settlement "is fundamentally fair, adequate and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *accord In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

In the Ninth Circuit, courts must balance the following factors to determine whether a class action settlement is fair, adequate, and reasonable: (1) the strength of the plaintiffs' case, (2) the risk, expense, complexity, and likely duration of further litigation, (3) the risk of maintaining class action status throughout the trial, (4) the amount offered in settlement, (5) the extent of discovery completed and the stage of the proceedings, (6) the experience and views of counsel, (7) the presence of a governmental participant, and (8) the reaction of the class members to the proposed settlement.  *Torrisi*, 8 F.3d at 1375; *accord Hanlon*, 150 F.3d at 1026.  "In addition, the settlement may not be the product of collusion among the negotiating parties."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 458.

"[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned."  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  In addition, "[t]he involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair."  *Linney v. Cellular Alaska P'ship*, No. C-96-3008-DLJ, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998).

### III.   DISCUSSION

**A.  Product of Serious, Informed, Non-Collusive Negotiations**

As previously found by this Court, the parties engaged in arm's-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel.  (Doc. No. 83, at 13-14).

Additionally, the parties consented to the use of a neutral mediator.  (Doc. No. 81, Ex. 1 at ¶ 28).  The Consent Decree is therefore the product of a non-collusive, arms-length negotiation.  *Roe v. SFBSC Management, LLC*, No. 14-cv-03616-LB, 2017 WL 4073809, at *9 (N.D. Cal. Sept. 14, 2017) (holding that a settlement that is the product of an arms-length negotiation "conducted by capable and experienced counsel" is presumed to be fair and reasonable); *Satchell v. Fed. Express Corp.*, No. 03-cv-2878-SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").  This factor therefore weighs in favor of approval.

### B.   The Strength of the Plaintiffs' Case and Future Risks[1]

As previously indicated by the Court, Plaintiffs' collective action claims appear strong, but the complexity of harm and the large number of plaintiffs pose risks to Plaintiffs' case.  (Doc. No. 83, at 14).  Additionally, Defendant continues to deny any wrongdoing, and has only admitted that "there exists probable cause to believe that violations of the federal rights of Plaintiffs have occurred" sufficient to warrant the relief agreed upon by the parties. (Doc. No. 81, Ex. 1 at ¶ 42).  Given the uncertainty inherent in protracted litigation, Defendant's contentions would, at the very least, present Plaintiffs with the "substantial risk of incurring the expense of a trial without any recovery."  *In re Toys R Us Credit Transactions Litig.*, 295 F.R.D. 438, 451 (C.D. Cal. 2014).  Given the strength of Plaintiffs' claims and the risks and

---

[1] As the first three Hanlon factors—strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of future litigation; and the risk of maintaining class action status throughout the trial—are interrelated, the Court discusses them together here.  *Hanlon*, 150 F.3d at 1026.

United States District Court
Central District of California

costs associated with future complex litigation, the terms of the settlement appear to be reasonable.  These factors thus weigh in favor of approval.

### C.   The Amount Offered in Settlement

"Assessing the fairness of the value obtained through settlement is particularly difficult in cases where the class receives no monetary relief." *Garcia v. Los Angeles Cty. Sheriff's Dep't*, No. 2:09-cv-08943-MMM-SHx, 2015 WL 13646906, at *10 (C.D. Cal. Sept. 14, 2015); *see Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) ("Nor can courts judge with confidence the value of the terms of a settlement agreement, especially one in which, as here, the settlement provides for injunctive relief").  "The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).  Instead, the Court must consider that the "very essence of a settlement is compromise," and determine whether the settlement is adequate.  *Id.* at 624.

As noted, Defendant has agreed to comprehensive reform closely matching most of the relief sought by Plaintiffs.  (Doc. No. 83, at 16-18). "Rather than proceeding to trial, where the court would have determined the type of injunctive and declaratory relief to be awarded, [Plaintffs'] decision to settle the case allowed [them] to have considerable input into the nature and substance of the relief."  *Los Angeles Cty. Sheriff's Dep't*, 2015 WL 13646906, at *10.  Therefore, considering most of Plaintiffs' substantive claims for relief are addressed by the settlement and considering the burden

and possible risks of further litigation and trial, the Court finds that the settlement provides fair and reasonable relief to Plaintiffs.

**D.    The Extent of Discovery Completed and the Stage of the Proceedings**

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).  "In the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 459 (citation omitted).

The parties possess sufficient information to make an informed decision about the settlement.  Class counsel has appointed experts to issue recommendations, inspected the jails, exchanged reports regarding Defendant's conduct, reviewed Defendant's policies and procedures, interviewed inmates and staff, and engaged in direct discussions regarding Defendant's conduct.  (Doc. No. 81, Ex. 1 at ¶¶ 4-6; *see* Doc. No. 83). Accordingly, this factor supports approval.

**E.    The Experience and Views of Counsel**

Since "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation," courts tend to give considerable weight to counsel's opinion.  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948,

United States District Court
Central District of California

967 (9th Cir. 2009) (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).  Counsel for both parties have experience and knowledge in prisoners' rights litigation and similar types of complex class action litigation.  (Doc. Nos. 41, 81; *see* Doc. No. 83).  Additionally, counsel in this case are better positioned than the Court to produce a fair settlement considering the amount of investigation and research they have conducted as well as the considerable effort counsel expended in reaching a favorable settlement.  (*See* Doc. No. 97, at 10).  Accordingly, this factor weighs strongly in favor of approval.

### F.   The Presence of a Governmental Participant

Where the defendant is a governmental participant, this factor weighs in favor of approval.  *Garcia v. City of King City*, No. 14-cv-01126-BLF, 2017 WL 363257, at *7 (N.D. Cal. Jan. 25, 2017) ("Defendant . . . is a local governmental authority, who also agrees to the terms of the Settlement Agreement. Thus, this factor weighs in favor of approval."); *Los Angeles Cty. Sheriff's Dep't*, , 2015 WL 13646906, at *11 ("[Defendant] is a government participant. This factor therefore weighs in favor of settlement."). Accordingly, that Defendant County of San Bernardino is a governmental participant weighs in favor of approval.

### G.   The Reaction of The Class Members to the Proposed Settlement

During the allotted response period after notice had been adequately distributed to the class members, only three objections were received from the approximately six thousand persons incarcerated in the jails.  (Doc. No. 97, at 11-12).  These objections complain generally that the settlement does

not go far enough, arguing that oversight might be necessary, that custodial

misconduct is not addressed sufficiently, that Defendant should be punished

or sanctioned further, and that monetary relief should be provided to class

members.  (*Id.*; Doc. No. 97-1, at 13-14, 56-62, 85-90).

Finding that the evidence presented supports approval of the

settlement as addressed in each of the other factors, the objections do not

compel disapproval of the class settlement.  First, the settlement does

provide for oversight and management of custodial misconduct.  (Doc. No.

81-2, at 5-6, 7-9, 10, 13).  As to the lack of sanctions against Defendant, the

settlement requires broad reform at Defendant's cost; such intensive reform

is adequately punitive in nature.  Additionally, the Court retains jurisdiction to

enforce the terms of the Consent Decree during the monitoring period

should any violations occur, affording an adequate penalty against

Defendant.  (*Id.* at 10).  As to monetary relief for class members, the

settlement would not bar class members from pursuing individual damages,

as the lawsuit only sought declaratory and injunctive relief.  *Hiser v. Franklin*,

94 F.3d 1287, 1291 (9th Cir. 1996) ("[T]he general rule is that a class action

suit seeking only declaratory and injunctive relief does not bar subsequent

individual damage claims by class members, even if based on the same

events.").  Further, when the Consent Decree is implemented, "these types

of concerns would fall within the scope of the ongoing monitoring activity

contemplated by the Consent Decree."  *Hall v. Cty. of Fresno*, No. 1:11-cv-

02047-LJO-BAMx, 2015 WL 5916741, at *7 (E.D. Cal. Oct. 7, 2015).  These

objections, therefore, do not require disapproval of the settlement.  *See*

*Hanlon*, 150 F.3d at 1027 (holding that the possibility that "the settlement

could have been better . . . does not mean the settlement presented [is] not fair, reasonable or adequate").

### H.   Balancing the Factors

All of the factors favor approval of the settlement, the Court accordingly finds that the proposed settlement agreement is fair, reasonable, and adequate.  Accordingly, the Court GRANTS final approval of the settlement.

### I.   Plaintiffs' Motion for Attorneys' Fees

Defendant has agreed to pay Plaintiffs' counsel $350,000 for merits fees and expenses and $150,000 per year for monitoring fees and expenses.  (Doc. No. 81, Ex. 1 at ¶¶ 38-39).  Notwithstanding an explicit agreement to shift attorneys' fees in a certified class action, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount."  *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 941 (9th Cir. 2011).

In a settlement providing injunctive relief, courts must ensure that the amount of the requested attorneys' fees does not result in "'less injunctive relief for the class than could otherwise have been obtained.'"  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 947.  Reasonable attorneys' fees are generally calculated by application of the lodestar method, which requires multiplying a reasonable hourly rate by the hours

United States District Court
Central District of California

United States District Court
Central District of California

reasonably expended.  *See City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Counsel for the parties calculated the figure by multiplying the number of hours actually worked by $420 per hour for attorneys and $200 for paralegals.  (Doc. No. 92-1, at ¶ 8).  The rate was negotiated between the parties to reflect that the Prison Litigation Reform Act would limit the hourly rates in connection with certain claims in the action but not others.  (*Id.*). Additionally, the Court employs its discretion and determines that the hourly rate is reasonable in light of the quality of representation and the rate prevailing the community.  Plaintiffs' counsel spent almost 700 hours on this case in addition to $10,000 in costs.  (*Id.*).  There is no indication that the attorneys' fees have resulted in less injunctive relief for the class than could otherwise have been obtained, particularly in light of the comprehensive relief achieved by Plaintiffs' counsel.

Given the relief achieved and the years Plaintiffs' counsel spent vigorously litigating this case, the proposed attorneys' fees seem to be "fair, reasonable, and adequate," Fed. R. Civ. Pro. 23(e)(2), and the Court thus GRANTS the unopposed Motion for Attorneys' Fees and Expenses.  *See Gray v. Cty. of Riverside*, No. EDCV 13-00444-VAP-OPx, 2015 WL 12766634, at *4 (C.D. Cal. Dec. 22, 2015) (finding an award of $1.25 million in attorneys' fees plus $150,000 in annual monitoring expenses reasonable for two and half years of litigation in a prison reform class action case).

## IV.    CONCLUSION

The Court therefore GRANTS the Joint Motion for Settlement Approval of Class Action Settlement and GRANTS Plaintiffs' Motion for Attorneys' Fees.  The Court therefore approves and adopts the Consent Decree as the Order of the Court, orders the parties to comply with all its terms, and orders Defendant to implement the Remedial Plan and accompanying policies pursuant to the schedule set forth therein.

The Court specifically authorizes the appointment, pursuant to Federal Rule of Evidence 706(b), of Todd Wilcox, M.D., Roberta Stellman, M.D., and Jeffrey Schwartz, Ph.D. and Gary Raney, as Court experts to advise the Court on the County's compliance or non-compliance with the medical care, mental health care, and use of force provisions, respectively, of the Remedial Plan, to assist with dispute resolution matters as prescribed in the Consent Decree, and to provide testimony, if required, in any proceedings before the Court. Subject to the approval of the Court, the Court experts shall be entitled to reasonable compensation at the rates set forth in Exhibit B to the Consent Decree and to reimbursement for reasonable expenses incurred in connection with their duties, which shall be paid by Defendant.

**IT IS SO ORDERED.**

Dated:    12/12/18

Virginia A. Phillips
Chief United States District Judge