DONALD SPECTER (83925)
dspecter@prisonlaw.com
MARGOT MENDELSON (268583)
mmendelson@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

*Attorneys for Plaintiffs*
*On behalf of themselves and others similarly situated*

MARTIN H. DODD (104363)
mdodd@fddcm.com
JAMIE L. DUPREE (158105)
jdupree@fddcm.com
JAIME G. TOUCHSTONE (233187)
jtouchstone@fddcm.com
FUTTERMAN DUPREE DODD CROLEY MAIER LLP
601 Montgomery St., Suite 333
San Francisco, California 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838

In Association with:
MILES KOWALSKI, Deputy County Counsel (257269)
Miles.Kowalski@cc.sbcounty.gov
MICHELLE BLAKEMORE, County Counsel (110474)
385 North Arrowhead Avenue, 4th Fl.
San Bernardino, CA 92415-0140
Telephone: (909) 387-5455
Facsimile: (909) 387-3070

*Attorneys for Defendant*
*San Bernardino County*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| RAHSHUN TURNER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>COUNTY OF SAN BERNARDINO,<br><br>*Defendant.* | Case No. 5:16-CV-00355-VAP (DTBx)<br><br>**[PROPOSED] CONSENT DECREE**<br><br>**District Court Judge Virginia A. Phillips**<br>**Magistrate Judge David T. Bristow** |

**A.     Introduction**

1.     The parties to this Consent Decree are Plaintiffs Rahshun Turner, Monique Lewis, Jaime Jaramillo, Joshua Mills and the class and subclasses of inmates they represent (collectively, "Plaintiffs"), on the one hand, and Defendant

1

County of San Bernardino ("Defendant"), on the other hand. The parties enter into this Consent Decree to ensure the provision of constitutional medical, dental and mental health care, to ensure non-discrimination for inmates with disabilities and to address uses of force and restrictive housing in the San Bernardino County Jails.[1]

2. Plaintiffs filed this Action on February 29, 2016 and filed a Second Amended Complaint on November 18, 2016. The Action alleges that Defendant fails to provide minimally adequate medical, dental and mental health care to the people incarcerated in its jails, fails to prevent unnecessary and excessive uses of force against inmates and imposes on inmates the harmful and excessive use of solitary confinement in violation of the Eighth and Fourteenth Amendments to the United Constitution, as well as discrimination against certain inmates with disabilities in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Defendant has denied liability. On January 27, 2017, the Court granted the parties' joint motion for class certification.

3. The Plaintiff class consists of "all people who are now, or in the future will be, incarcerated in the San Bernardino County jails" and a subclass of "all people who are now, or in the future will be, incarcerated in the San Bernardino County jails and who have a psychiatric and/or intellectual disability, as defined under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. §794."

---

[1] For the purposes of this Consent Decree, references to the San Bernardino Jails include the Type I and II jails as well as the Arrowhead Regional Medical Center, to the extent it houses inmates under the jurisdiction of the San Bernardino County Sheriff, and any new structures designated to house prisoners under the jurisdiction of the San Bernardino County Sheriff subsequent to the date of this Consent Decree. The parties acknowledge that, because Type I jails are very short-term holding facilities, certain provisions of Remedial Plan attached hereto as Exhibit A will apply only to Type II jails at which inmates are housed for longer periods of time.

///

4. Commencing in January 2015, prior to the initiation of this Action, the parties undertook settlement negotiations to address Plaintiffs' claims and those negotiations have continued. To aid in settlement negotiations, the parties agreed to hire neutral experts to investigate and opine on the adequacy of medical and mental health care delivered in the San Bernardino jails, as well as the extent and propriety of uses of force against inmates incarcerated by Defendant. The parties jointly selected Todd Wilcox, M.D., as the expert on medical care; Roberta Stellman, M.D., as the expert on mental health care; and Jeffrey Schwartz, Ph.D., and Gary Raney, former Sheriff of Boise County, Idaho, as experts with regard to use of force in the jails.

5. The experts conducted extensive tours and reviews of the jail facilities, policies and procedures and interviewed staff and inmates. They drafted preliminary reports setting forth their findings and recommendations, and both parties were given the opportunity to review the reports and make comments. The experts thereafter submitted their final reports setting forth their respective findings and making recommendations for remedial action.

6. With respect to dental care in the jails, alleged discrimination against inmates with disabilities and policies governing restrictive housing in the jails, the parties engaged in direct discussions without benefit or need of joint experts or expert reports or findings.

7. The parties thereafter negotiated individual remedial plans pertaining to the matters alleged in the Action and those individual plans have been incorporated into a single, global Remedial Plan, attached hereto as Exhibit A.

8. Each party to this Consent Decree was represented by counsel during its negotiation and execution. Plaintiffs and the Plaintiff classes and subclasses are represented by Donald Specter, Margot Mendelson and Sara Norman, Prison Law Office. Defendant is represented by Martin H. Dodd, Futterman Dupree Dodd

Croley Maier, LLP, and Miles Kowalski, Deputy County Counsel for the County of San Bernardino.

9. Through this Consent Decree, Defendant agrees to implement the measures set forth in the Remedial Plan, subject to monitoring by the Court experts and Plaintiffs' counsel, negotiation between the parties, and if necessary, enforcement by the Court.

**B.  Remedial Plan**

10. Defendant shall fully implement all of the remedial measures, according to the specified timeframes, set forth in the Remedial Plan. The Remedial Plan is designed to meet the minimum level of health care necessary to fulfill Defendant's obligations under the Eighth and Fourteenth Amendments, to ensure that unlawful force is not utilized in the jails, to avoid the unlawful use of segregated or restrictive housing in the jails and to ensure compliance with the ADA and Section 504 of the Rehabilitation Act.

11. Defendant shall, in consultation and collaboration with Plaintiffs' counsel, develop and implement appropriate and adequate plans, policies, and practices to ensure compliance with the Remedial Plan. At least 30 days prior to finalizing or implementing any new plans or policies developed to meet the terms of the Remedial Plan, Defendant will submit such plans or policies to Plaintiffs' counsel for their review and comments. Disagreements about the adequacy of such plans or policies shall be resolved pursuant to the dispute resolution procedure set forth paragraphs 28-31, below.

12. Not less than 90 days, and not more than 120 days, after this Consent Decree is approved by the Court, Defendant shall provide to Plaintiffs' counsel and the Court experts a Status Report stating whether it is complying with the terms of this Consent Decree. The Status Report shall include a description of the steps that Defendant has taken to implement the Remedial Plan. Not later than the end of each subsequent 120-day period during the term of this Consent Decree, Defendant

shall provide to Plaintiffs' counsel and the Court experts a Status Report addressing each item of the Remedial Plan and shall specify whether it believes it is or is not in substantial compliance with each material component of the Remedial Plan.[2]

### C. Court Experts

13. Pursuant to Rule 706 of the Federal Rules of Evidence, the parties jointly request the appointment of Todd Wilcox, M.D., Roberta Stellman, M.D., and Jeffrey Schwartz, Ph.D. and Gary Raney, as Court experts to advise the Court on the County's compliance or non-compliance with the medical care, mental health care and use of force provisions, respectively, of the Remedial Plan, to assist with dispute resolution matters addressed in paragraphs 28-31, and to provide testimony, if required, in any proceedings before the Court.

14. Within 180 days after entry of this Consent Decree, and then every 180 days thereafter during the term of this Consent Decree, the Court experts shall each complete comprehensive reviews and reports ("180-Day Reports") to advise the parties and the Court on Defendant's compliance or non-compliance with the Remedial Plan.

15. In each 180-Day Report the experts shall state their opinion as to whether Defendant is or is not in substantial compliance with each material component of the Remedial Plan within the expert's area of expertise. These opinions are hereinafter referred to as "Substantial Compliance Determinations." The 180-Day Reports shall be considered separate and apart from any evaluations and reports prepared as part of the dispute resolution process described below and shall be admissible in evidence in any proceedings before the Court.

16. The experts' duties specified in Exhibit B shall be provided to the experts pursuant to Rule 706(b). The Court experts shall be entitled to reasonable

---

[2] For purposes of this Consent Decree a "material component" of the Remedial Plan shall be any of the subparts of the Remedial Plan identified by a capital letter (e.g., "**D. Medical Records**").

compensation in an amount approved by the Court, which shall be paid by Defendant.

17. With appropriate notice, the Court experts shall have reasonable access to all parts of any San Bernardino Jail and access to the facilities will not be unreasonably restricted. The experts shall have access to correctional and health care staff and inmates, including confidential and voluntary interviews as they deem appropriate. The experts shall also have access to documents, including budgetary, custody, and health care documents, and institutional meetings, proceedings, and programs to the extent the experts determine such access is needed to fulfill their obligations. The experts' tours shall be undertaken in a manner that does not unreasonably interfere with jail operations as reasonably determined by jail administrators.

18. The parties agree that they are each entitled to engage in ex parte communications with the Court experts. However, all of the experts' findings and recommendations shall be set forth in writing in their reports.

19. If, for any reason, a designated Court expert can no longer serve or the parties wish to engage any additional expert(s), the parties shall attempt to agree on who shall be appointed to serve as a new or additional expert. If the parties are unable to agree, Defendant and Plaintiffs shall each nominate and submit two potential experts for the Court's consideration and selection.

### D. Notice to Class Members

20. Defendant shall post notices to class members of this Action in a manner agreed upon by the parties. Such notices shall include a brief statement that includes a description of Plaintiffs' claims, the definition of the classes and subclasses, notice that the parties have entered into this Consent Decree, a description of the subject areas covered by the Consent Decree and Remedial Plan, and the contact information for the Prison Law Office to allow inmates to contact Plaintiffs' counsel.

///

### E. Plaintiffs' Monitoring and Access to Information

21. Plaintiffs shall be permitted to monitor Defendant's compliance with the Remedial Plan. Defendant shall provide Plaintiffs with access to all such San Bernardino Jail facilities, documents, records, and staff that Plaintiffs believe in good faith is necessary to monitor Defendant's compliance with the Remedial Plan subject, where applicable, to the protective order agreed upon by the parties, entered by the Court on October 18, 2016, and attached hereto as Exhibit C. Plaintiffs shall not be entitled to personnel records, including records and information deemed confidential pursuant to California Penal Code § 832.7. From and after the date this Consent Decree is entered by the Court, Defendant shall provide Plaintiffs with access to such information within 21 calendar days of their request. If Defendant believes that the information requested by Plaintiffs is not necessary to monitor compliance with the Remedial Plan, the parties shall engage in the dispute resolution process described in paragraphs 28-31, below, before seeking any relief from the Court.

22. In each of the first two years following the date on which this Consent Decree is entered, Plaintiffs and their consultants shall be permitted the opportunity to conduct three tours of the San Bernardino Jails for the purpose of monitoring compliance with the Remedial Plan. Thereafter, Plaintiffs shall have the opportunity to conduct up to two tours of the jails per year, <u>provided however</u>, that Plaintiffs may bring a motion seeking authorization from the Court to conduct a third monitoring tour in any given year. Before bringing such a motion, Plaintiffs shall have complied with the dispute resolution process described in Paragraphs 28-31, below. Unless otherwise agreed by the parties or ordered by the Court, monitoring tours by Plaintiffs and/or their consultants shall be separated by a period of no less than 90 days.

23. Monitoring tours shall include reasonable access to all of the jail

facilities, including all housing units, facilities where health care services are provided, facilities where inmates with disabilities are or may be housed and provided programming, and any other facilities where services are provided pursuant to the Remedial Plan.  During the tours, Defendant shall make available for interview any supervisory, clinical, custodial, and program staff that have direct or supervisory responsibility for health care and disability accommodations. Defendant shall provide a Sheriff's Department contact person to ensure cooperation of institution staff with Plaintiffs in obtaining information they request during the tours.  During the tours, Defendant shall permit and facilitate Plaintiffs having confidential and voluntary discussions with any inmate identified by Plaintiffs. Upon request by Plaintiffs and pursuant to the protective order entered in this case, Defendant shall make available for inspection and/or copying the health care and/or custody files of specified inmates.   Disputes that may arise over Plaintiffs' access to jail information or personnel shall be addressed in the first instance by the dispute resolution process set forth in Paragraphs 28-31, below, before the parties may seek relief from the Court.

24. If Plaintiffs form the good faith belief that Defendant is not substantially compliant with any material component of the Remedial Plan then subject to monitoring, Plaintiffs shall so inform Defendant and any relevant Court expert of the alleged noncompliance and identify the material component of the Remedial Plan alleged to be noncompliant.

Defendant shall investigate the alleged noncompliance and provide Plaintiffs with a response in writing within 30 calendar days, <u>provided however</u>, that if the notice from Plaintiffs is provided to Defendant (i) less than 45 days before the next anticipated Status Report, then Defendant may elect to include its response in the next Status Report; or (ii) less than 45 days before the next anticipated 180-Day Report from a relevant Court expert, Defendant may elect to defer responding until the expert has made a Substantial Compliance Determination applicable to the

8

material component of the Remedial Plan alleged to be noncompliant.

25. Plaintiffs' counsel retain the ability to interview their clients pursuant to regular attorney-client visiting procedures established by the Sheriff's Department. The parties will attempt to establish an efficient means to allow Plaintiffs' counsel to interview clients and conduct confidential telephonic interviews with individual inmates, with reasonable notice, in a manner that does not disrupt jail operations.

26. Plaintiffs' counsel shall be allowed to send postage pre-paid envelopes to their clients in the San Bernardino Jails.

### F. Individual Advocacy

27. Plaintiffs may bring individual inmates' health care, use of force, restricted housing or disability accommodation concerns to the attention of Defendant's counsel, or their designee, who shall respond in writing within 14 days. This process is not meant to replace or circumvent the existing processes for requesting medical or mental health services or submitting grievances to jail authorities. Inmates will be encouraged to make use of those processes except where exigent circumstances or failures of those processes have occurred.

### G. Dispute Resolution

28. Either party may initiate the dispute resolution process with respect to a matter covered by this Consent Decree by providing written notice of a dispute ("Dispute Notice") to the other party and to mediator Debra Mellinkoff or such other mediator as the parties may have selected ("Mediator"). The Dispute Notice shall request that the Mediator schedule a date for mediation that is not less than 90, and not more than 120, days after the Dispute Notice.

29. Following service of the Dispute Notice, the parties shall undertake good faith negotiations at such times and places as they deem sufficient in an effort to resolve the dispute informally between them. If, within 30 days after service of the Dispute Notice, the parties have failed to resolve the dispute, either party may

request that the relevant Court expert evaluate the issue in dispute and prepare a report. The expert must provide the report regarding the area of disagreement to the parties and the Mediator within 45 days of the request. Defendant will pay the experts' reasonable fees for any reports prepared by a Court expert at the request of a party about a disputed issue, as contemplated by this paragraph.

30. If the parties are unable to resolve the dispute informally, they shall attempt to resolve the dispute through the scheduled mediation before the Mediator. The parties and the Mediator shall conduct the mediation at such place and in such manner as they shall have agreed upon.

31. Mediation shall be deemed to have concluded with respect to an issue in dispute if i) the parties agree in writing that mediation is concluded; or ii) upon the request of a party, the Mediator determines and so notifies the parties in writing that the parties are at impasse, a party is not negotiating in good faith or further negotiation would be futile.

32. With the exception of any report prepared by a Court expert, as contemplated by Paragraph 29, above, and any notice that mediation is concluded, nothing said and no document prepared in connection with the mediation shall be offered in evidence in any subsequent judicial proceeding in this case.

**H.     Enforcement**

33. The Court shall retain jurisdiction to enforce the terms of this Consent Decree and shall have the power to enforce the agreement through specific performance and all other remedies permitted by law until Defendant fulfills its obligations under this Consent Decree.

**I.     Duration and Termination**

34. This Consent Decree shall remain in effect for four years from the date it is entered by the Court, unless it is earlier terminated pursuant to Paragraph 35, below.

35. Defendant may seek termination of this Consent Decree by bringing a

termination motion pursuant to 18 U.S.C. § 3626(b)(1)(A)(i), <u>provided however</u>, that (i) Defendant shall not bring any such motion for a period of two years from the date this Consent Decree is entered by the Court; (ii) any termination motion shall be based on a record of no less than one year of substantial compliance with all the requirements of this Consent Decree and the Remedial Plan; and, (iii) prior to bringing such a motion, Defendant shall have complied with the dispute resolution process described in Paragraphs 28-31, above.

36. Defendant may request a finding by the Court that it is in substantial compliance with one or more material components of the Remedial Plan and shall base such request on evidence that it has maintained such substantial compliance for a period of at least twelve months, <u>provided</u> that, before requesting such a finding, Defendant shall have complied with the dispute resolution process described in Paragraphs 28-31, above. Unless otherwise ordered by the Court, such a finding shall result in a suspension of monitoring of any such material component(s) by the relevant Court expert and Plaintiffs.

37. If Plaintiffs form the good faith belief that Defendant is no longer in substantial compliance with any material component(s) of the Remedial Plan previously found to be in substantial compliance and as to which monitoring has been suspended, Plaintiffs shall promptly so notify Defendant in writing and present a summary of the evidence upon which such belief is based. Within 30 days thereafter, Defendant shall serve a written response stating whether it agrees or disagrees that it is no longer in substantial compliance with respect to that material component of the Remedial Plan. In the event that Defendant agrees, monitoring by the Court experts and Plaintiffs pursuant to this Consent Decree shall resume. In the event Defendant disagrees, Plaintiffs may bring a motion before the Court seeking such relief as may be appropriate, including but not limited to reinstating full monitoring, <u>provided</u> that, before bringing such a motion, Plaintiffs shall have complied with the dispute resolution process described in

Paragraphs 28-31, above.

## J. Costs and Fees

38. The parties agree that, by entry of this Consent Decree, Plaintiffs shall be considered the prevailing party in this litigation. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, would limit the hourly rates at which Plaintiffs' counsel can be compensated in connection with certain claims in the Action, while other claims are not subject to such statutory limits. Notwithstanding the foregoing, subject to Court approval, the Parties have reached a compromise and Defendant has agreed to pay Plaintiffs' counsel $350,000 as their reasonable fees and expenses incurred from the date of filing of the Complaint in this Action through Final Approval of the Consent Decree, including approval of the Remedial Plan pursuant to the following rates: $420 per hour for attorneys and $200 per hour for paralegals.

39. Plaintiffs shall be compensated for their reasonable time and reasonable expenses (including the costs of any consultants Plaintiffs may retain) relating to monitoring this Consent Decree and Remedial Plan, including any time and expenses incurred in connection with the resolution of any dispute pertaining to such monitoring. Subject to both Court approval and Defendant's right to object either to the payment of all or any portion of the fees or to the reasonableness of the number of hours for which Plaintiffs may seek compensation, and notwithstanding the rates that Plaintiffs potentially could request or would be limited to in any proceedings before the Court, the parties have agreed that Plaintiffs' counsel shall be compensated for monitoring services at the following rates: $420 per hour for attorneys and $200 per hour for paralegals. Plaintiffs shall submit a detailed invoice for their fees and expenses (including the date, amount of time spent, and a general description of each task) at the end of every quarter and Defendant shall pay the amount requested by Plaintiffs within 60 calendar days of receipt of each invoice, *provided* that Plaintiffs' fees and expenses

shall be capped at $150,000 per calendar year. Two years after the approval of this Consent Decree Plaintiffs may request that the yearly cap on fees and expenses should be increased. That request shall be subject to the dispute resolution process set forth in paragraphs 30 and 31, and, if necessary, resolution by the Court. The yearly cap on fees and expenses described in the previous sentence shall not apply to any fees and costs that Plaintiffs may incur in enforcing or defending the Consent Decree and the Remedial Plan in court.

**K.     Effect of Consent Decree in Other Actions.**

40.     Neither the fact of this Consent Decree nor any statement of claims contained herein shall be used in any other case, claim, or administrative proceedings, except that Defendant and its employees and agents may use this Consent Decree and any statement contained herein to assert issue preclusion or *res judicata*.

41.     Nothing in this Consent Decree is intended to modify, revise or change any existing court orders or decrees applicable to Defendant or to operations at or inmates housed in the San Bernardino County Jails including, but not limited to, any orders and decrees in *Haas et al. v. Board of Supervisors of San Bernardino County et al.*, San Bernardino Superior Court No. WHC 4010.

**L.     Liability and Necessity for Relief**

42.     Defendant admits for the purpose of this lawsuit only that there exists probable cause to believe that violations of the federal rights of plaintiffs have occurred sufficient to warrant the relief contained herein. The parties agree that the relief contained herein is narrowly drawn, extends no further than necessary to ensure the protection of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

///

**IT IS SO AGREED AND STIPULATED.**

                                        Respectfully submitted,

Dated: March 29, 2018

PRISON LAW OFFICE

By: /s/ Donald Specter
    Donald Specter
    Margot Mendelson
    Sara Norman

*Attorneys for Plaintiffs, on behalf of themselves and others similarly situated*

Dated: March 29, 2018

FUTTERMAN DUPREE DODD CROLEY MAIER LLP

By: /s/ Martin H. Dodd
    Martin H. Dodd

*Attorneys for Defendant San Bernardino County*

# ORDER

The Court, having considered the foregoing stipulated Consent Decree, hereby approves and adopts the Consent Decree as the Order of the Court and, in so doing, finds that the relief contained herein is narrowly drawn, extends no further than necessary to ensure the protection of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

The Court specifically authorizes the appointment, pursuant to FRE 706(b), of Todd Wilcox, M.D., Roberta Stellman, M.D., and Jeffrey Schwartz, Ph.D. and Gary Raney, as Court experts to advise the Court on the County's compliance or non-compliance with the medical care, mental health care and use of force provisions, respectively, of the Remedial Plan, to assist with dispute resolution matters as prescribed in the Consent Decree, and to provide testimony, if required, in any proceedings before the Court. Subject to the approval of the Court, the Court experts shall be entitled to reasonable compensation at the rates set forth in Exhibit B to the Consent Decree and to reimbursement for reasonable expenses incurred in connection with their duties, which shall be paid by Defendant.

Dated: December 14, 2018

_____
Honorable Virginia A. Phillips
United States District Judge