DONALD SPECTER (83925)
dspecter@prisonlaw.com
TESS BORDEN (MJP No. 805022)
tess@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

*Attorneys for Plaintiffs*
*On behalf of themselves and others*
*similarly situated*

JAMIE L. DUPREE (158105)
jdupree@fddcm.com
JAIME G. TOUCHSTONE (233187)
jtouchstone@fddcm.com
FUTTERMAN DUPREE DODD CROLEY
MAIER LLP
601 Montgomery St., Suite 1210
San Francisco, California 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838

In Association with:
MILES KOWALSKI, Deputy County
Counsel (257269)
Miles.Kowalski@cc.sbcounty.gov
385 North Arrowhead Avenue, 4th Fl.
San Bernardino, CA 92415-0140
Telephone: (909) 387-5455
Facsimile: (909) 387-3070

*Attorneys for Defendant*
*San Bernardino County*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| RAHSHUN TURNER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>COUNTY OF SAN BERNARDINO,<br><br>*Defendant.* | Case No.  5:16-CV-00355-VAP (DTBx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING STIPULATION AND REVISED CONSENT DECREE**<br><br>**District Court Judge Virginia A. Phillips**<br>**Magistrate Judge David T. Bristow** |

## A.    Introduction/Procedural History

1.    Through a cooperative process, Plaintiffs and Defendant San Bernardino County ("Defendant") filed a Joint Motion to Certify Class which was granted by the Court.  (ECF No. 50.)  The Plaintiff class consists of "all people who are now, or in the future will be, incarcerated in the San Bernardino County jails" and a subclass of "all people who are now, or in the future will be, incarcerated in the San Bernardino County

1  jails and who have a psychiatric and/or intellectual disability, as defined under the

2  Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and Section 504 of the

3  Rehabilitation Act, 29 U.S.C. §794."

4        2.     Also through a cooperative process, Plaintiffs and Defendant submitted a

5  proposed Consent Decree to the Court.  On December 14, 2018, the Court approved that

6  Consent Decree which required Defendant to comply with various measures designed to

7  improve conditions in the San Bernardino County jails.  Those measures are contained in

8  a Remedial Plan, which is attached as an Appendix to the Consent Decree.  (ECF Nos.

9  81-2, 106.)  Generally, the Remedial Plan covers six separate areas: medical care, mental

10  health care, dental care, use of force, restrictive housing, and disability issues.

11        3.     Paragraph 33 of the Consent Decree provides that the Court shall retain

12  jurisdiction to enforce the terms of the Consent Decree until Defendant fulfills its

13  obligations under it. Paragraph 34 of the Consent Decree provides that the Consent

14  Decree shall remain in effect for four years from the date it was entered by the Court, or

15  until December 14, 2022.  (ECF No. 106).

16        4.     Before the conclusion of the four year term, Plaintiffs and Defendant began

17  working cooperatively to negotiate a possible extension of the Consent Decree.  The

18  parties stipulated to temporary extensions to facilitate those negotiations, which the Court

19  subsequently ordered, such that the Consent Decree currently remains in effect until

20  September 14, 2023.  (ECF Nos. 119, 121, 124, 126).

21        5.     The parties now wish to enter a Revised Consent Decree to supersede and

22  replace the original Consent Decree (ECF No. 106).  The Revised Consent Decree is

23  significantly reduced in scope given Defendant's achievement of compliance in several

24  areas of the original Consent Decree and its agreement to create and maintain certain

25  related policies.  The Revised Consent Decree is designed to ensure the provision of

26  constitutional medical and mental health care, to ensure non-discrimination for

27  incarcerated people with disabilities, and to address uses of force in the San Bernardino

28

1   County Jails[1] in those areas where compliance has not yet been fully achieved under the
2   original Remedial Plan.

3         6.     The parties have negotiated separate remedial plans pertaining to the matters
4   alleged in this action for which full compliance has not yet been achieved and those
5   individual plans have been incorporated into a single, global Revised Remedial Plan,
6   attached hereto as Exhibit A.

7         7.     The parties wish to continue to utilize experts to monitor compliance with
8   two sections of the Revised Remedial Plan: mental health (Brian Main, M.D.) and use of
9   force (Gary Raney, former sheriff of Boise County, Idaho).  Experts will not be utilized
10  for the medical care or ADA sections of the Revised Remedial Plan, which shall be solely
11  monitored by Plaintiffs' counsel.

12        8.     Each party to this Revised Consent Decree was represented by counsel
13  during its negotiation and execution.  Plaintiffs and the Plaintiff classes and subclasses
14  are represented by Donald Specter and Tess Borden, Prison Law Office.  Defendant is
15  represented by Jamie L. Dupree, Futterman Dupree Dodd Croley Maier, LLP, and Miles
16  Kowalski, Deputy County Counsel for the County of San Bernardino.

17        9.     Through this Revised Consent Decree, Defendant agrees to implement the
18  measures set forth in the Revised Remedial Plan, subject to monitoring by the Court
19  experts and Plaintiffs' counsel, negotiation between the parties, and if necessary,
20  enforcement by the Court.

21  **B.**   **Revised Remedial Plan**

22        10.    Defendant shall fully implement all of the remedial measures set forth in the

---

24  [1] For the purposes of this Revised Consent Decree, references to the San Bernardino Jails
25  include the Type I and II jails as well as the Arrowhead Regional Medical Center, to the
    extent it houses people under the jurisdiction of the San Bernardino County Sheriff, and
26  any new structures designated to house prisoners under the jurisdiction of the San
    Bernardino County Sheriff subsequent to the date of this Revised Consent Decree.  The
27  parties acknowledge that, because Type I jails are very short-term holding facilities,
    certain provisions of Revised Remedial Plan attached hereto as Exhibit A will apply only
28  to Type II jails at which people are housed for longer periods of time.

Revised Remedial Plan.  The Revised Remedial Plan is designed to meet the minimum level of health care necessary to fulfill Defendant's obligations under the Eighth and Fourteenth Amendments, to ensure that unlawful force is not utilized in the jails, and to ensure compliance with the ADA and Section 504 of the Rehabilitation Act.

11.     The Revised Remedial Plan does not include dental care.  The parties agree that dental care shall not be covered by the Revised Consent Decree.

12.     The Revised Remedial Plan does not include Restrictive Housing.  The parties agree that Restrictive Housing shall not be covered by the Revised Consent Decree because the Department has adopted and shall maintain policies and practices concerning sheltered housing, outside recreation at High Desert Detention Center, and administrative housing.

**C.    Court Experts**

13.     Pursuant to Rule 706 of the Federal Rules of Evidence, the parties jointly request the appointment of Brian Main, M.D., and Gary Raney, as Court experts to advise the Court on the County's compliance or non-compliance with the mental health care and use of force provisions, respectively, of the Revised Remedial Plan, to assist with dispute resolution matters addressed in Paragraphs 29-32, and to provide testimony, if required, in any proceedings before the Court.

14.     In the summer of 2023, and then every 180 days thereafter during the term of this Revised Consent Decree, the Court experts shall each complete comprehensive reviews and reports ("180-Day Reports") to advise the parties and the Court on Defendant's compliance or non-compliance with the mental health care and use of force sections of the Revised Remedial Plan. Court experts shall each complete their 180-Day Report no later than 45 days following the conclusion of the relevant 180-day monitoring period.

15.     In each 180-Day Report the experts shall state their opinion as to whether Defendant is or is not in substantial compliance with each material component[2] of the

---

[2] For purposes of this Revised Consent Decree a "material component" of the Revised

Revised Remedial Plan within the expert's area of expertise.  These opinions are hereinafter referred to as "Substantial Compliance Determinations."  The 180-Day Reports shall be considered separate and apart from any evaluations and reports prepared as part of the dispute resolution process described in Paragraphs 29-32 below and shall be admissible in evidence in any proceedings before the Court.

16.     The experts' duties specified in Exhibit B shall be provided to the experts pursuant to Rule 706(b).  The Court experts shall be entitled to reasonable compensation, which shall be paid by Defendant.

17.     With appropriate notice, the Court experts shall have reasonable access to all parts of any San Bernardino Jails and access to the facilities will not be unreasonably restricted.  The experts shall have access to correctional and health care staff and incarcerated people, including confidential and voluntary interviews as they deem appropriate.  The experts shall also have access to documents, including budgetary, custody, and health care documents, and institutional meetings, proceedings, and programs to the extent the experts determine such access is needed to fulfill their obligations.  The experts' tours shall be undertaken in a manner that does not unreasonably interfere with jail operations as reasonably determined by jail administrators.

18.     The parties agree that they are each entitled to engage in ex parte communications with the Court experts.  However, all of the experts' findings and recommendations shall be set forth in writing in their reports.

19.     If, for any reason, a designated Court expert can no longer serve or the parties wish to engage any additional expert(s), the parties shall attempt to agree on who shall be appointed to serve as a new or additional expert.  If the parties are unable to agree, Defendant and Plaintiffs shall each nominate and submit two potential experts for the Court's consideration and selection.

---

Remedial Plan shall be any of the subparts of the Revised Remedial Plan identified by a capital letter (e.g., "**D.  Patient Privacy**").

**D.**   **Plaintiffs' Monitoring and Access to Information**

20.    Defendant agrees to maintain the restrictive housing policies and practices attached as Exhibit C through the duration of this Revised Consent Decree.  These policies and practices shall not be subject to expert or Plaintiffs' monitoring.

21.    Defendant agrees to maintain the policies and practices described in the medical care section of the Revised Remedial Plan.  Plaintiffs' monitoring of compliance with the policies and practices described in that section shall be limited to document review as described in that section.

22.    Plaintiffs shall monitor Defendant's compliance with the mental health, use of force, and ADA sections of the Revised Remedial Plan through document review and on-site tours.  Defendant shall provide Plaintiffs with access to all such San Bernardino Jail facilities, documents, records, and staff that Plaintiffs believe in good faith is necessary to monitor Defendant's compliance with these sections of the Revised Remedial Plan subject, where applicable, to the protective order agreed upon by the parties, entered by the Court on October 18, 2016.  Plaintiffs shall not be entitled to personnel records, including records and information deemed confidential pursuant to California Penal Code § 832.7.  From and after the date this Revised Consent Decree is entered by the Court, Defendant shall provide Plaintiffs with access to such information within 21 calendar days of their request.  If Defendant believes that the information requested by Plaintiffs is not necessary to monitor compliance with the Revised Remedial Plan, the parties shall engage in the dispute resolution process described in Paragraphs 29-32, below, before seeking any relief from the Court.

23.    Plaintiffs and their consultants shall be permitted the opportunity to conduct two tours of the San Bernardino Jails annually for the purpose of monitoring compliance with the mental health, use of force, and ADA sections of the Revised Remedial Plan, *provided however*, that Plaintiffs may bring a motion seeking authorization from the Court to conduct a third monitoring tour in any given year.  Before bringing such a motion, Plaintiffs shall have complied with the dispute resolution process described in

6

Paragraphs 29-32 below.  Unless otherwise agreed by the parties or ordered by the Court, monitoring tours by Plaintiffs and/or their consultants shall be separated by a period of no less than 90 days.

24.     Monitoring tours shall focus on the material components of the mental health, use of force and ADA sections of the Revised Remedial Plan and shall include reasonable access to all of the affected jail facilities, including all housing units, facilities where health care services are provided, facilities where people with disabilities are or may be housed and provided programming, and any other facilities where services are provided pursuant to the Revised Remedial Plan.  During the tours, Defendant shall make available for interview any supervisory, clinical, custodial, and program staff that have direct or supervisory responsibility for health care and disability accommodations under the Revised Remedial Plan.  Defendant shall provide a Sheriff's Department contact person to ensure cooperation of institution staff with Plaintiffs in obtaining information they request during the tours.  During the tours, Defendant shall permit and facilitate Plaintiffs having confidential and voluntary discussions with any incarcerated person identified by Plaintiffs.  Upon request by Plaintiffs and pursuant to the protective order entered in this case, Defendant shall make available for inspection and/or copying the health care and/or custody files of specified individuals.  Disputes that may arise over Plaintiffs' access to jail information or personnel shall be addressed in the first instance by the dispute resolution process set forth in Paragraphs 29-32 below, before the parties may seek relief from the Court.

25.     If Plaintiffs form the good faith belief that Defendant is not substantially compliant with any material component of the Remedial Plan then subject to monitoring, Plaintiffs shall so inform Defendant and any relevant Court expert in writing of the alleged noncompliance and identify the material component of the Revised Remedial Plan alleged to be noncompliant.  Defendant shall investigate the alleged noncompliance and provide Plaintiffs with a response in writing within 30 calendar days, *provided however*, that if the notice from Plaintiffs is provided to Defendant less than 45 days

before the next anticipated 180-Day Report from a relevant Court expert, Defendant may elect to defer responding until the expert has made a Substantial Compliance Determination applicable to the material component of the Revised Remedial Plan alleged to be noncompliant.

26.     Plaintiffs' counsel retain the ability to interview their clients pursuant to regular attorney-client visiting procedures established by the Sheriff's Department.  The parties will continue to utilize an efficient means to allow Plaintiffs' counsel to interview clients and conduct confidential telephonic interviews with individual clients, with reasonable notice, in a manner that does not disrupt jail operations.

27.     Plaintiffs' counsel shall be allowed to send postage pre-paid envelopes to their clients in the San Bernardino Jails.

**E.     Individual Advocacy**

28.     Plaintiffs may bring individual incarcerated people's health care, use of force, restrictive housing or disability accommodation concerns to the attention of Defendant's counsel, or their designee, who shall respond in writing within 14 days.  This process is not meant to replace or circumvent the existing processes for requesting medical or mental health services or submitting grievances to jail authorities. Incarcerated people will be encouraged to make use of those processes except where exigent circumstances or failures of those processes have occurred.

**F.     Dispute Resolution**

29.     Either party may initiate the dispute resolution process with respect to a matter covered by this Revised Consent Decree by providing written notice of a dispute ("Dispute Notice") to the other party and to mediator Debra Mellinkoff or such other mediator as the parties may have selected ("Mediator").  The Dispute Notice shall request that the Mediator schedule a date for mediation that is not less than 90, and not more than 120, days after the Dispute Notice.

30.     Following service of the Dispute Notice, the parties shall undertake good faith negotiations at such times and places as they deem sufficient in an effort to resolve

the dispute informally between them.  If, within 30 days after service of the Dispute Notice, the parties have failed to resolve the dispute, either party may request that the relevant Court expert evaluate the issue in dispute and prepare a report if there is a Court expert for the disputed issue.  The expert must provide the report regarding the area of disagreement to the parties and the Mediator within 45 days of the request.  Defendant will pay the experts' reasonable fees for any reports prepared by a Court expert at the request of a party about a disputed issue, as contemplated by this paragraph.

31.    If the parties are unable to resolve the dispute informally, they shall attempt to resolve the dispute through the scheduled mediation before the Mediator.  The parties and the Mediator shall conduct the mediation at such place and in such manner as they shall have agreed upon.

32.    Mediation shall be deemed to have concluded with respect to an issue in dispute if i) the parties agree in writing that mediation is concluded; or ii) upon the request of a party, the Mediator determines and so notifies the parties in writing that the parties are at impasse, a party is not negotiating in good faith or further negotiation would be futile.

33.    With the exception of any report prepared by a Court expert, as contemplated by Paragraph 30 above, and any notice that mediation is concluded, nothing said and no document prepared in connection with the mediation shall be offered in evidence in any subsequent judicial proceeding in this case.

**G.    Enforcement**

34.    The Court shall retain jurisdiction to enforce the terms of this Consent Decree and shall have the power to enforce the agreement through specific performance and all other remedies permitted by law until Defendant fulfills its obligations under this Consent Decree.

**H.    Duration and Termination**

35.    When Defendant has been in substantial compliance with a material

component of the Revised Remedial Plan for the time period[3] set forth for that material component in the Revised Remedial Plan, the parties shall submit a joint stipulation asking the Court to remove that component from the Revised Remedial Plan.  Upon Court approval, that material component shall be removed from the Revised Remedial Plan.  When Defendant has been in substantial compliance with the last material component(s) of the Revised Remedial Plan for the time period time period set forth for that material component in the Revised Remedial Plan, the parties shall submit a stipulated request for termination of the Revised Consent Decree.

36.     If a Court expert determines in a monitoring report that Defendant is not in substantial compliance with a material component of the mental health or use of force sections of the Revised Remedial Plan, or Plaintiffs' counsel determines in a monitoring report that Defendant is not in substantial compliance with a material component of the ADA section of the Revised Remedial Plan, the Court expert and/or Plaintiffs' counsel shall work with Defendant to create a corrective action plan to address the specific deficiencies. The details of any corrective action plan shall be finalized no later than 30 days following the end the relevant 180-day monitoring period.  If a Court expert and/or Plaintiffs' counsel determines Defendant has implemented the corrective action plan prior to the conclusion of the next 180-day monitoring period, Defendant shall be deemed to have been in substantial compliance during the prior monitoring period for purposes of Paragraph 35.

37.     In the event there is a dispute about whether Defendant is in substantial compliance with a material component of the Revised Remedial Plan, the duration of that compliance or whether Defendant is entitled to termination pursuant to Paragraph 35 or 38, either party may seek a ruling from the Court provided that the parties have complied with the dispute resolution process described in Paragraphs 29-32 above.

38.     If Defendant has been in substantial compliance with all material

---

[3] Time periods for each section of the Revised Remedial Plan shall be measured from either the date of (1) entry of the Revised Consent Decree or (2) issuance of the first relevant monitoring report under Paragraph 14 or 25, whichever is earlier.

components of the Revised Remedial Plan for at least two consecutive 180-day monitoring cycles as described in footnote 3, the Revised Consent Decree shall terminate on December 18, 2024, unless it is earlier terminated pursuant to Paragraphs 35-37 above.  Otherwise, the Revised Consent Decree shall remain in effect until July 14, 2025.

39.     If by July 14, 2025, the parties agree or the Court finds that Defendant has not achieved substantial compliance on any remaining material component of the Revised Remedial Plan for the time period set forth for that material component, the parties may enter into further negotiations, invoke the dispute resolution process described in Paragraphs 29-32 above, or seek the further assistance of the Court.

**I.     Costs and Fees**

40.     The parties agree that, by entry of this Revised Consent Decree, Plaintiffs shall be considered the prevailing party in this litigation.  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, would limit the hourly rates at which Plaintiffs' counsel can be compensated in connection with certain claims in the Action, while other claims are not subject to such statutory limits.

41.     Notwithstanding the annual caps set by the original Consent Decree (ECF No. 106) or Paragraph 42 below, subject to Court approval, Defendant has agreed to pay Plaintiffs' counsel $130,000.00 as their reasonable fees and expenses incurred and not yet reimbursed from September 1, 2022 through August 31, 2023, during which time the parties were negotiating this Revised Consent Decree and Revised Remedial Plan.

42.     Plaintiffs shall be compensated for their reasonable time and reasonable expenses (including the costs of any consultants Plaintiffs may retain) relating to monitoring this Revised Consent Decree and Revised Remedial Plan, including any time and expenses incurred in connection with the resolution of any dispute pertaining to such monitoring.  Subject to both Court approval and Defendant's right to object either to the payment of all or any portion of the fees or to the reasonableness of the number of hours for which Plaintiffs may seek compensation, and notwithstanding the rates that Plaintiffs potentially could request or would be limited to in any proceedings before the Court, the

parties have agreed that Plaintiffs' counsel shall be compensated for monitoring services at the following rates: $420 per hour for attorneys and $200 per hour for paralegals. Plaintiffs shall submit a detailed invoice for their fees and expenses (including the date, amount of time spent, and a general description of each task) at the end of every quarter and Defendant shall pay the amount requested by Plaintiffs within 60 calendar days of receipt of each invoice, *provided* that Plaintiffs' fees and expenses shall be capped at $150,000 annually commencing on September 1, 2023.  The yearly cap on fees and expenses described in the previous sentence shall not apply to any fees and costs that Plaintiffs may incur in enforcing or defending the Revised Consent Decree and the Revised Remedial Plan in court.

**J.     Effect of Consent Decree in Other Actions.**

43.     Neither the fact of this Revised Consent Decree nor any statement of claims contained herein shall be used in any other case, claim, or administrative proceedings, except that Defendant and its employees and agents may use this Revised Consent Decree and any statement contained herein to assert issue preclusion or *res judicata*.

44.     Nothing in this Revised Consent Decree is intended to modify, revise or change any existing court orders or decrees applicable to Defendant or to operations at or inmates housed in the San Bernardino County Jails including, but not limited to, any orders and decrees in *Haas et al. v. Board of Supervisors of San Bernardino County et al.*, San Bernardino Superior Court No. WHC 4010.

**K.     Liability and Necessity for Relief**

45.     Defendant admits for the purpose of this lawsuit only that there exists probable cause to believe that violations of the federal rights of Plaintiffs have occurred sufficient to warrant the relief contained herein. The parties agree that the relief contained herein is narrowly drawn, extends no further than necessary to ensure the protection of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

1  **GOOD CAUSE SHOWN, PURSUANT TO STIPULATION, IT IS**

2  **ORDERED:**

3       The Court, having considered the foregoing stipulated Revised Consent Decree,

4  hereby approves and adopts the Revised Consent Decree and Revised Remedial Plan as

5  the Order of the Court and, in so doing, finds that the relief contained herein is narrowly

6  drawn, extends no further than necessary to ensure the protection of the federal

7  constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary

8  to accomplish those objectives.  The Revised Consent Decree and Revised Remedial Plan

9  supersede and replace the original Consent Decree and Remedial Plan (ECF Nos. 106,

10  81-2).

11       The Court specifically authorizes the appointment, pursuant to FRE 706(b), of

12  Brian Main, M.D., and Gary Raney, as Court experts to advise the Court on the County's

13  compliance or non-compliance with the mental health care and use of force provisions,

14  respectively, of the Revised Remedial Plan, to assist with dispute resolution matters as

15  prescribed in the Revised Consent Decree, and to provide testimony, if required, in any

16  proceedings before the Court.  Subject to the approval of the Court, the Court experts

17  shall be entitled to reasonable compensation at the rates set forth in Exhibit B to the

18  Revised Consent Decree and to reimbursement for reasonable expenses incurred in

19  connection with their duties, which shall be paid by Defendant.

20

21  Dated: September 19, 2023

22  _____
   Honorable Virginia A. Phillips

23  United States District Judge

24

25

26

27

28